The Court of Criminal Appeals found that the defendant Victor Keith Robinson's confession to a robbery was given after he had indicated that he wanted an attorney and that the State failed to prove that the defendant initiated the contact that led to his confession.
I have examined the State's brief and the facts before this Court. I believe that the State is probably right in stating that all the evidence presented by the State relating to who made the initial contact after the defendant had said he wanted an attorney was hearsay but was not objected to, and that some of the evidence on that question was elicited by the defendant's counsel during his cross-examination of the police officer. The extracts from the record quoted in the State's brief suggest to me that the State is probably right in arguing that not only did defendant's counsel not object to the admission of the hearsay, but that defense counsel actually asked questions of the police officers that further elicited evidence indicating that the defendant made the initial contact. Although I realize that the defendant testified that he did not make the initial contact, it appears to me that testimony only presents a credibility issue — the question being whether the trial judge believed the testimony of the police officers, although it was hearsay that was not objected to, or whether he believed the defendant, who the officer said was read his rights again before he made his confession.
I would issue the writ in this case and examine the record and the legal issues. Consequently, I must dissent.
HOOPER, C.J., concurs.